■ Daniel F. Cole et al., Respondents, v Emunah General Contracting, Inc., Defendant, and Langer Dion Associates, P. C., Also Known as Langer-Dion-Morse, et al., Appellants. (And Another Related Action.) [642 NYS2d 977] —Peters, J. Appeal from an order of the Supreme Court (Spain, J.), entered January 23, 1995 in Rensselaer County, which denied defendants' motions for summary judgment dismissing the complaint.

In July 1987, Robert Lyons hired defendant Langer Dion Associates, P. C. to render architectural services for a proposed two-story addition to his residence in the City of Albany. Lyons hired defendant Emunah General Contracting, Inc. as the general contractor for the project. It was completed in September 1988, 12 months after the commencement of construction. On February 27, 1990, plaintiff Daniel F. Cole (hereinafter plaintiff) slipped and fell on the steps of a preexisting exterior stairway leading to the outside cellar door of Lyons' residence.

Cole and his spouse, derivatively, commenced this action against Langer Dion, defendant Daniel A. Langer and Emunah, alleging both negligence and a violation of the State Uniform Fire Prevention and Building Code (hereinafter the Code; see, 9 NYCRR part 600 et seq.) by failing to provide Lyons' preexisting cellar stairs with a handrail—a fixture required on all new construction (see, 9 NYCRR 713.1 [a], [f]). Before the commencement of discovery, all defendants moved for summary judgment dismissing the complaint. Supreme Court denied the motions, finding triable issues of fact. Only Langer Dion and Langer (hereinafter collectively referred to as defendants) appeal.

Upon our review of the record, we find Supreme Court to have properly denied the motion since defendants failed to sustain their showing of entitlement to judgment as a matter of law (see, Lesocovich v 180 Madison Ave. Corp., 81 NY2d 982, 985; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). When an addition to a building made within any six-month period exceeds the replacement cost of the building by 50%, the entire building, including the original structure, must be made to conform with the requirements of the Code (see, 9 NYCRR 1231.3 [former (b)]; see also, 9 NYCRR 606.3 [a] [28]). Here, the evidence revealed that Lyons paid approximately $500,000 for the addition yet defendants, as the proponent of the motion, failed to proffer any evidence indicating the replacement cost of Lyons' residence or how much of the addition had been completed in any one six-month period. Thus, Supreme Court correctly determined that a triable issue of fact remains as to whether the provisions of 9 NYCRR 1231.3 (c) would be applicable to this project (see, Lesocovich v 180 Madison Ave. Corp., supra, at 984; Wilson v Proctors Theater & Arts Ctr. & Theater, 223 AD2d 826, 827-828).

Furthermore, we find summary judgment to have been properly denied because defendants failed to present evidentiary proof, in admissible form, to demonstrate that in connection with the design of the extensive addition, their failure to

take any corrective action with regard to the stairway was consistent with the degree of care and skill of a reasonably prudent architect.

Cardona, P. J., Crew III, White and Casey JJ., concur. Ordered that the order is affirmed, with costs.