■ ANTHONY A. KOWALSKI et al., Appellants, v WARREN JOHNSON et al., Respondents. [669 NYS2d 319] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Hillary, J.), entered September 25, 1996, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiffs' contention, neither Multiple Dwelling Law § 52 nor § 78 is applicable to the facts of this case, in which the injured plaintiff fell on stairs in the apartment of the defendants Dorothy Hernandez Carpenter and Duane D. Carpenter. Multiple Dwelling Law § 52 applies to stairs located in common areas of residential buildings which were either built after April 18, 1929, or altered after 1951 (*see,* Multiple Dwelling Law § 52 [1], [8]). The subject building was originally built in 1865 and was converted to a residential building in 1950, and the stairway in which the injured plaintiff slipped and sustained injuries is within an apartment in the building. Multiple Dwelling Law § 78 (1) applies to repairs, and the plaintiffs failed to show any defects in the subject stairway that needed repair (*see, Mankowski v Two Park Co.,* 225 AD2d 673, 674). Accordingly, the court's denial of their request to charge the jury on these statutory sections was not error.

The plaintiffs' contention that the court should have charged the jury as to the New York State Uniform Fire Prevention and Building Code (*see,* Executive Law § 377; 9 NYCRR 600 *et seq.*) is also unavailing (*see, Cole v Emunah Gen. Contr.,* 227 AD2d 877).

Finally, absent any indication of confusion, the court did not improvidently exercise its discretion in refusing to recharge the jury on the law of negligence without a request from the

jury for such an instruction (*see, Nelson v City of New Rochelle,* 154 AD2d 661; *cf., Bender v Nassau Hosp.,* 99 AD2d 744, 746-747). Joy, J. P., Krausman, Goldstein and Luciano, JJ., concur.