■ RALPH TROSA, Appellant, v VINCENT T. DI CRISTO, Respondent. [937 NYS2d 623]—

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell while ascending a stairway leading to the defendant's home. The defendant moved for summary judgment dismissing the complaint, asserting, inter alia, that the plaintiff failed to identify the cause of his accident. The Supreme Court granted the defendant's motion.

The defendant's submissions included, among other things, the deposition testimony of a witness to the plaintiff's fall, which indicated that as the plaintiff was ascending the stairs, he "was reaching to hold onto something, and nothing was there," and that the plaintiff lost his balance and fell over a retaining wall

which abutted the staircase "because he had nothing to hold onto." Viewing the evidence in the light most favorable to the plaintiff, we conclude that the defendant failed to eliminate all triable issues of fact as to whether the absence of a segment of handrail along the retaining wall was a proximate cause of the plaintiff's accident (*see Antonia v Srour*, 69 AD3d 666, 666-667 [2010]; *Palmer v 165 E. 72nd Apt. Corp.*, 32 AD3d 382 [2006]). Furthermore, the defendant's submissions failed to eliminate all triable issues of fact as to whether handrails were statutorily required at the location where the plaintiff fell (*see* Multiple Dwelling Law § 52; *cf. Kowalski v Johnson*, 247 AD2d 514 [1998]). Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Lesocovich v 180 Madison Ave. Corp.*, 81 NY2d 982 [1993]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Florio, J.P., Chambers, Hall and Miller, JJ., concur.