■ EDNA ATKINS, Appellant, v STATE OF NEW YORK, Respondent. [998 NYS2d 421]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lopez-Summa, J.), dated June 1, 2011, which, upon a decision of the same court dated April 7, 2011, made after a nonjury trial on the issue of liability, is in favor of the defendant and against her dismissing the claim.

Ordered that the judgment is affirmed, with costs.

In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts," bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Steenbuck v State of New York*, 111 AD3d 819 [2013]; *Perriello v State of New York*, 106 AD3d 797 [2013]).

The Court of Claims' determination that the claimant failed to establish that the State of New York created, or had actual or constructive notice of, the icy condition on a walkway at Stony Brook University Medical Center (hereinafter the hospital) that caused her fall was warranted by the facts, and thus will not be disturbed (*see Quintanilla v State of New York*, 94 AD3d 846, 848 [2012]). Contrary to the claimant's contention, the State had no more than a general awareness that icy conditions had developed on the grounds of the hospital following a snow storm, which was insufficient to constitute notice of the specific condition that caused the claimant to fall (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Nesterenko v Starrett City Assoc., L.P.*, 111 AD3d 806, 807 [2013]; *Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1829 [2010]; *Kostic v Ascent Media Group, LLC*, 79 AD3d 818, 819 [2010]; *Gershfeld v Marine Park Funeral Home, Inc.*, 62 AD3d 833, 834 [2009]; *Kaplan v DePetro*, 51 AD3d 730, 731 [2008]). Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.