■ SYLVIA BENCEBI, Appellant, v BAYWOOD REALTY, LLC, Respondent. [1 NYS3d 214]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), entered April 4, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her when she fell while descending an interior stairway within premises owned by the defendant and improved with a multiple dwelling. In her complaint, the plaintiff asserted that she was at the premises

visiting a friend in the basement of the building, when she fell down the interior stairway. The plaintiff contended that she slipped and fell because of poor lighting and the lack of a handrail. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, arguing that it did not create the allegedly dangerous condition, nor did it possess actual or constructive notice of the condition with sufficient time to remedy it. The Supreme Court granted the motion. We reverse.

The defendant's submissions in support of its motion included, among other things, a transcript of the deposition testimony of the plaintiff, in which the plaintiff testified that, as she was descending the stairs, she took one step with her right foot and "slipped," and that she "went to grab on, to try to hold [herself but] there was nothing to grab onto so [she] went all the way down." It is undisputed that the stairs in question were not furnished with a handrail.

The defendant failed to establish its prima facie entitlement to judgment as a matter of law, as its submissions failed to eliminate all triable issues of fact as to whether a handrail was statutorily required at the location where the plaintiff fell (see Multiple Dwelling Law § 52; Administrative Code of City of NY § 27-375; Building Code of NY State § 1009.10, as incorporated by 19 NYCRR 1221.1 [a], [b]; Palmer v Prima Props., Inc., 101 AD3d 1094 [2012]; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267 [2010]; Wajdzik v YMCA of Greater N.Y., 65 AD3d 586 [2009]). Moreover, the plaintiff's deposition testimony, which was submitted by the defendant in support of its motion, revealed the existence of a triable issue of fact as to whether the lack of a handrail was a proximate cause of the plaintiff's injuries (see Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710 [2012]; Trosa v Di Cristo, 91 AD3d 944, 944 [2012]; Boudreau-Grillo v Ramirez, 74 AD3d at 1267; Antonia v Srour, 69 AD3d 666 [2010]; Palmer v 165 E. 72nd Apt. Corp., 32 AD3d 382, 382 [2006]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.