■ GERALDINE FIORE et al., Appellants, v PLAINVIEW PLAZA, LLC, Respondent. (And Third-Party Actions.) [28 NYS3d 419]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Woodard, J.), entered February 24, 2014, as, upon so much of an order of the same court dated April 23, 2013, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.

On December 6, 2007, the plaintiff Geraldine Fiore (hereinafter the injured plaintiff) allegedly slipped and fell on a patch of ice approximately four inches thick in a parking lot on premises owned and maintained by the defendant. The injured plaintiff, and her husband suing derivatively, commenced this action, claiming that the defendant created the dangerous condition by maintaining "a pitch and/or slope from the curb line descending down into the [parking lot] which created [a] slipping hazard."

The defendant moved for summary judgment dismissing the complaint, contending that it did not create, or have actual or constructive notice of, the alleged hazardous condition. In support of its motion, it submitted the deposition of its principal, who observed no snow or ice in the area of the accident the night before the accident occurred. It also submitted the deposition of an employee of a tenant of the premises, who testified there were frequent complaints of ice in the parking lot and puddling of water, some of which were caused by cleaning crews pouring out their mop buckets after cleaning. However, she acknowledged that she could not remember if she observed puddling before the accident.

The defendant also submitted the opinion of an expert, who examined the site nearly five years after the accident occurred. He stated that there was minimal precipitation in the days prior to the accident, and that the roof drainage and parking lot storm drainage systems were properly designed, constructed and maintained.

In opposition, the plaintiffs submitted the affidavit of their own expert, who inspected the site four years after the accident, took measurements, and ascertained, with a reasonable degree of engineering certainty, that based on his measurements, the parking lot had been paved at too flat a grade to properly drain, thus allowing water to form a "pond" at the curb line. The sidewalk's slope toward the parking lot was 2.6%, and the parking lot's slope in front of the curb was .1% east and .8% north, which meant that "any water that falls on the sidewalk will flow to the curb and parking lot," which was "extraordinarily flat" and therefore would not drain. He stated that asphalt surfaces needed to be pitched at 1% in order to drain. Since the water failed to drain, it would form a "pond," which, in freezing weather, would freeze.

The Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, concluding that the defendant had met its prima facie burden of establishing that it did not create the dangerous condition, or have actual or constructive notice of it. The court further concluded that the plaintiffs failed to raise a triable issue of fact in opposition, because their expert only inspected the site four years after the accident, and his opinion was speculative and conclusory.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie case showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Wachovsky v City of New York*, 122 AD3d 724, 725 [2014], quoting *Bruk v Razag, Inc.*, 60 AD3d 715, 715 [2009]; *see Knack v Red Lobster 286, N & D Rests., Inc.*, 98 AD3d 473 [2012]; *Sloane v Costco Wholesale Corp.*, 49 AD3d 522 [2008]). "To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 599 [2010]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 838 [1986]). " 'To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell' " (*Braudy v Best Buy Co., Inc.*, 63 AD3d 1092, 1092 [2009], quoting *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]).

In opposition to the defendant's prima facie showing that it did not create the icy condition or have actual or constructive

notice of it, the plaintiff raised a triable issue of fact as to whether the parking lot was defectively designed, and thus allowed water to pond in the area where she fell, based upon an inspection of the site and measurements taken by the expert. Contrary to the Supreme Court's conclusion, the opinion of the plaintiffs' expert, which was based upon on-site measurements, was not conclusory or speculative.

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Rivera, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.