■ John Lopez-Serrano, an Infant, by His Mother and Natural Guardian, Delmy Serrano, et al., Appellants, v Joseph Ochoa et al., Respondents. (And a Third-Party Action.) [52 NYS3d 480]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), entered December 18, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On February 26, 2013, the plaintiff Delmy Lopez-Serrano (hereinafter the plaintiff mother) was holding the infant plaintiff, John Lopez-Serrano (hereinafter the infant plaintiff), in her arms as she attempted to descend an interior staircase on the defendants' property, when she and the infant plaintiff allegedly fell from the top second step to the bottom of the staircase, sustaining injuries.

The plaintiffs commenced this action, inter alia, to recover damages for personal injuries, alleging that the top of the staircase was inadequately illuminated and that the staircase should have been equipped with a handrail. The defendants thereafter moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiffs appeal.

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, viewing the evidence in the light most favorable to the plaintiffs as the

nonmoving parties, the defendants failed to establish, prima facie, that the subject staircase did not have to be equipped with a handrail pursuant to the code provisions alleged in the plaintiffs' pleadings and that the absence of the handrail and the alleged inadequate lighting condition did not proximately cause the plaintiffs to fall (*see Bencebi v Baywood Realty, LLC*, 123 AD3d 1071, 1072 [2014]; *Trosa v Di Cristo*, 91 AD3d 944, 944-945 [2012]; *Antonia v Srour*, 69 AD3d 666 [2010]). The defendants also failed to establish, prima facie, that they were out-of-possession landlords who had no notice of the alleged hazardous conditions of the subject staircase (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Iturrino v Brisbane S. Setauket, LLC*, 135 AD3d 907, 907-908 [2016]).

Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.