Bader v River Edge at Hastings Owners Corp. (2018 NY Slip Op 01588)





Bader v River Edge at Hastings Owners Corp.


2018 NY Slip Op 01588


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-07827
 (Index No. 51343/14)

[*1]Beverly Bader, etc., appellant, 
v
River Edge at Hastings Owners Corp., et al., respondents.


Himmelfarb & Sher, LLP, White Plains, NY (Norman D. Himmelfarb and Shelley R. Halber of counsel), for appellant.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Mark L. Schuh of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 22, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 20, 2013, at about 8:30 a.m., the plaintiff allegedly tripped and fell on black ice in the parking lot of the defendants' cooperative apartment complex where she resided. The accident occurred in a sloped area in the vicinity of a drain. About one inch of snow had fallen on December 17, 2013, but the plaintiff testified at her deposition that she did not see any snow or ice before she fell. The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her as a result of her fall. In the order appealed from, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint.
"A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Khalil v Fernandez, 145 AD3d 765, 766; Castillo v Silvercrest, 134 AD3d 977; Haberman v Meyer, 120 AD3d 1301).
Here, in support of their motion, the defendants submitted, inter alia, the affidavit of Jason Pitingaro, a professional engineer, who stated that he supervised a micro-topographical survey of the parking lot. He concluded that the gradient of the parking lot, including at the site of the plaintiff's accident, was within acceptable professional standards, and that no "lip" was present there to hold water and cause ice. In another affidavit, John Picone, who had been involved with the day-to-day operation of the subject property since 1978, stated that based on his 38 years of experience working at the property, water did not "pond[ ]" in the parking lot. The defendants also submitted the transcript of the plaintiff's deposition testimony, in which she testified that she traversed the area of her accident six times a week, but she did not recall ever previously noticing ice accumulation there and had never complained of any such condition. Further, the defendants submitted the deposition transcripts of nonparty witnesses Stephen Gabriel and Gail D'Angiolillo. Gabriel, who was a resident of the apartment complex, testified that at 8:00 a.m. on December 20, 2013, which was only 30 minutes before the plaintiff's fall, he walked through the accident site and did not see [*2]any ice. D'Angiolillo, who lived at the subject property since 1994, testified that she did not recall being at the accident site on the day in question, that she had seen water pooling from rain at the bottom of the slope in the parking lot on three or four occasions during her time living at the property, and that she had fallen somewhere in the parking lot 15 years earlier but did not report the incident to anyone.
The evidence submitted by the defendants in support of their motion established, prima facie, that they did not create the alleged black ice condition or have actual or constructive notice of it (see Haberman v Meyer, 120 AD3d at 1301-1302; Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d at 778; Gushin v Whispering Hills Condominium I, 96 AD3d 721). In particular, Picone's statement in his affidavit that water did not pond in the parking lot during the 38 years he worked at the property necessarily addresses and excludes any recurring condition in the same lot. In opposition to the prima facie showing, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether the defendants created the alleged condition or had actual or constructive notice of it.
Our dissenting colleague's conclusion that the defendants failed to meet their prima facie burden demonstrating their entitlement to summary judgment dismissing the complaint, because they did not address the issue of recurring condition, is unavailing for three reasons. First, " [t]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings'" (Lopez-Serrano v Ochoa, 149 AD3d 1063, 1063, quoting Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). The defendants met their burden here as, contrary to our dissenting colleague's characterization of the pleadings, the plaintiff failed to allege the existence of a recurring condition at the specific site of her fall. Thus, the defendants had no obligation, in support of their motion for summary judgment, to address the issue of a recurring condition. Further, in opposition to the motion, the plaintiff failed to argue that any recurring condition was specific to the location within the parking lot where she is alleged to have fallen (see Rios v 474431 Assoc., 278 AD2d 399, 400; Pellicane v Lambda Chi Alpha Fraternity, 228 AD2d 569). For this Court to now hold, as urged by our dissenting colleague, that the defendants failed to meet their prima facie burden, even though the plaintiff never alleged or argued the existence of a recurring condition at the specific site of her fall, would be improper and contrary to well-established precedent. As a majority of the Court of Appeals stated in Misicki v Caradonna (12 NY3d 511, 519), "[w]e are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made."
A second reason we disagree with the dissent is that Picone's deposition testimony in support of the summary judgment motion established, prima facie, a long-term lack of knowledge of any prior ponding of water or icy condition in the parking lot (see Piacquadio v Recine Realty Corp., 84 NY2d 967; Smith v State of New York, 260 AD2d 819, 820-821) which, by definition and necessity, ruled out any conditions that might be recurring. Therefore, evidence of a lack of notice of a prior dangerous condition, recurring or otherwise, was established prima facie. Third, and finally, any allegations by the plaintiff of general ice conditions in the parking lot were not accompanied by evidence of complaints to the defendants as to raise a question of fact about prior notice of the defendants. At best, the collective evidence proffered by the plaintiff demonstrated that the defendants had merely a general awareness that, at times, an icy condition developed at unspecified locations in the parking lot during winter months. However, such general awareness was insufficient to constitute notice of the specific icy condition at the specific location that allegedly caused the plaintiff to fall (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; Piacquadio v Recine Realty Corp., 84 NY2d at 969; Fisher v Kasten, 124 AD3d 714, 715; Atkins v State of New York, 123 AD3d 644; Cruz v Rampersad, 110 AD3d 669, 670; Kostic Ascent Media Group, LLC, 79 AD3d 818, 819; Pinto v Metropolitan Opera, 61 AD3d 949; Arrufat v City of New York, 45 AD3d 710; Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444, 445).
The plaintiff also failed to raise a triable issue of fact as to whether the parking lot and the drainage system were negligently designed (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324; cf. Fiore v Plainview Plaza, LLC, 137 AD3d 1202, 1203-1204).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., DUFFY and CONNOLLY, JJ., concur.
COHEN, J., dissents, and votes to reverse the order appealed from, on the law, and deny the defendants' motion for summary judgment dismissing the complaint, with the following memorandum:
On a motion seeking the drastic remedy of summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (see Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). Summary judgment should be denied when there is "any doubt" (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404) or when the existence of a triable issue of fact is "arguable" (id. at 404 [internal quotation marks omitted]). Indeed, case law consistently holds that the court's proper function on a summary judgment motion is issue finding, not issue determination (see Sommer v Federal Signal Corp., 79 NY2d 540, 554-555; Chimbo v Bolivar, 142 AD3d 944, 945; Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 877, 879).
In a slip-and-fall case, a defendant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Castillo v Silvercrest, 134 AD3d 977; Mignogna v 7-Eleven, Inc., 76 AD3d 1054, 1054-1055). In the instant action, in my opinion, the defendants failed to establish, prima facie, that they did not have actual or constructive notice of the existence of the black ice upon which the plaintiff slipped and fell.
Here, the defendants presented evidence that the purposeful design of the drainage system for the cooperative apartment complex entailed a sloped system forcing water to flow down to storm drains located in the parking lot where the plaintiff fell. While the defendants contended that there was nothing wrong with the topography of the parking lot and the property's drainage system, they were aware that the drainage system caused icy conditions in the parking lot. While the mere general awareness that ice accumulates has been held to be insufficient to constitute notice of a particular icy condition (see Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444, 445), where the evidence establishes that a defendant had actual knowledge of a recurrent dangerous condition involving the formation of ice, that party is chargeable with constructive notice of each specific occurrence of that condition (see Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 665; Willis v Galileo Cortlandt, LLC, 106 AD3d 730, 731; Mondello v DiStefano, 16 AD3d 637, 639). Such "actual knowledge of a recurrent dangerous condition . . . is qualitatively different from a mere general awareness that a dangerous condition may be present" (Chin v Harp Mktg., 232 AD2d 601, 602 [internal quotation marks and citations omitted]; see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969; Erikson v J.I.B. Realty Corp., 12 AD3d 344, 345).
Here, the defendants were aware of the recurring icing conditions present in the parking lot and undertook efforts to remedy the recurring condition with twice-a-day inspections, during which icing would be treated with sand or salt. Indeed, the defendants' submission also demonstrated credibility issues as to when the area where the plaintiff fell was last inspected. At the very least, the defendants failed to demonstrate that no triable issues of fact existed as to whether they had notice of the hazardous recurring condition (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136).
Further, while my colleagues assert that the issue of whether there was a recurring condition at the specific location of the plaintiff's accident was not raised by the plaintiff before the Supreme Court, I note that the defendants, in support of their motion for summary judgment, submitted the pleadings, as required, as well as the plaintiff's bill of particulars, a tool used to amplify the pleadings. The bill of particulars specifically alleges that the defendants had "historic knowledge of the existence of icy and slippery conditions at said location" and ignored "previous occurrences caused by the same or similar conditions." In other words, the bill of particulars alleges that the condition that caused the plaintiff to fall was recurring. Since the defendants failed, by their own submissions, to eliminate all triable issues of fact, they failed to make a prima facie showing, which is "governed by the allegations of liability made by the plaintiff in the pleadings" (Foster v Herbert Slepoy Corp., 76 AD3d 210, 214; see Lopez-Serrano v Ochoa, 149 AD3d 1063, 1063; Beiner v Village of Scarsdale, 149 AD3d 679, 680). Therefore, the motion should have been denied [*3]without consideration of the sufficiency of the plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, I respectfully dissent.
ENTER:
Aprilanne Agostino
Clerk of the Court