Quinones v 2074 White Plains Rd. Bldg., LLC (2020 NY Slip Op 00885)





Quinones v 2074 White Plains Rd. Bldg., LLC


2020 NY Slip Op 00885


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-10070
 (Index No. 919/15)

[*1]Patricio Quinones, appellant, 
v
2074 White Plains Road Building, LLC, et al., respondents.


Newman, Anzalone & Newman, LLP (Joshua Annenberg, New York, NY, of counsel), for appellant.
Kevin J. Philbin, New York, NY (Sumona Sikder of counsel), for respondent 2074 White Plains Road Building, LLC.
Cascone & Kluepfel, LLP, Garden City, NY (James K. O'Sullivan of counsel), for respondent 2080 Meat & Produce Corp., doing business as Compare Foods.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lisa Ottley, J.), dated June 25, 2018. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The plaintiff allegedly was injured when he slipped and fell while descending a staircase on premises owned by the defendant 2074 White Plains Road Building, LLC, and leased by the defendant 2080 Meat & Produce Corp., doing business as Compare Foods. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, allowing the "stairway to be and remain in a dangerous, hazardous and poorly maintained condition and without the requisite handrail(s)." After joinder of issue, the defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the defendants' motions, and the plaintiff appeals.
The defendants demonstrated their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against each of them. Contrary to the plaintiff's contention, the Supreme Court did not err in considering a video depicting the subject accident that was submitted in support of the respective motions, as that video was properly authenticated (see generally Zegarelli v Hughes, 3 NY3d 64, 69; People v Patterson, 93 NY2d 80, 84). Further, the evidence submitted in support of the defendants' respective motions, which included the video, clearly demonstrated that the allegedly dangerous conditions cited by the plaintiff were not a proximate cause of the accident (see Alvarez v Prospect Hosp., 68 NY2d 320).
In opposition to the motions, the plaintiff failed to raise a triable issue of fact (see [*2]Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court