Jean-Charles v Carey (2023 NY Slip Op 03003)

Jean-Charles v Carey

2023 NY Slip Op 03003

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-02521
 (Index No. 622141/18)

[*1]Ramona Jean-Charles, appellant, 
v
Jeniann Carey, respondent.

The Odierno Law Firm, P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
James F. Butler, Jericho, NY (Christine A. Hilcken of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 17, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for injuries she alleged she sustained when she fell off an elevated landing at the front door of the defendant's property. There is no dispute that there are no railings around the elevated landing or alongside the two steps leading up to it, and the plaintiff alleged in the complaint and the bill of particulars that the defendant was negligent, inter alia, in failing to install railings in the area where the plaintiff fell. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff was unable to identify the cause of her accident. The Supreme Court granted the defendant's motion. The plaintiff appeals. We reverse.
The defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint (see Bencebi v Baywood Realty, LLC, 123 AD3d 1071, 1072; Boudreau-Grillo v Ramirez, 74 AD3d 1265, 1267). The defendant's submissions in support of her motion included, inter alia, a transcript of the plaintiff's deposition testimony, which revealed the existence of a triable issue of fact. In particular, the plaintiff testified, among other things, that she "was looking for something to grab onto" as she fell but found nothing. "Even if the plaintiff's fall was precipitated by a misstep," her testimony that she looked for something to grab onto to stop her fall presented "an issue of fact as to whether the absence of a handrail was a proximate cause of her injury" (Antonia v Srour, 69 AD3d 666, 666-667; see Boudreau-Grillo v Ramirez, 74 AD3d at 1267). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court