De La Cruz v NJE Enters., Inc. (2023 NY Slip Op 05247)

De La Cruz v NJE Enters., Inc.

2023 NY Slip Op 05247

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
CHERYL E. CHAMBERS
BARRY E. WARHIT, JJ.

2021-00116
 (Index No. 616658/18)

[*1]Christina De La Cruz, respondent, 
v
NJE Enterprises, Inc., appellant, et al., defendant.

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
The Bongiorno Law Firm, PLLC (Edelstein & Grossman, New York, NY [Jonathan I. Edelman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant NJE Enterprises, Inc., appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated December 14, 2020. The order, insofar as appealed from, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant NJE Enterprises, Inc.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff was injured while working at a store owned by the defendant NJE Enterprises, Inc. (hereinafter NJE), when a metal shelf of a cold beverage display case collapsed onto her as she was resetting products in the case. The plaintiff commenced this action alleging that the defendants negligently modified the original design of the shelving system so as to render the shelf unstable by inserting bolts to increase the shelf's pitch for the purpose of allowing products to glide more easily toward the front of the display case. Following discovery, the defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted transcripts of the depositions of the plaintiff, the store's business consultant, who was working with the plaintiff at the time of the accident, and the store manager. The defendants also submitted their expert engineer's report. The plaintiff opposed the motion, submitting her expert engineer's report. The Supreme Court, inter alia, denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NJE.
"To be entitled to summary judgment in a premises liability case, the defendant is required to show, prima facie, that it maintained its premises in a reasonably safe condition and that it did not have notice of or create a dangerous condition that posed a foreseeable risk of injury to persons expected to be on the premises" (Taub v JMDH Real Estate of Garden City Warehouse, LLC, 150 AD3d 1301, 1302). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]; see Villalba v Daughney, 214 AD3d 843, 843-844).
Contrary to NJE's contention, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Boulos v Lerner-Harrington, 124 AD3d 709, 709), triable issues of fact exist as to whether the shelving unit involved in the accident had been modified with bolts and, if so, whether NJE created or contributed to a dangerous condition by installing bolts in the shelving unit (see Schumacher v Pucciarelli, 161 AD3d 1205, 1205; Tavarez v Pistilli Assoc. III, LLC, 161 AD3d 1129, 1131). Given the conflicting expert evidence, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NJE (see Poliziani v Culinary Inst. of Am., 167 AD3d 790, 791; Rashid v Clinton Hill Apts. Owners Corp., 70 AD3d 1019, 1020-1021).
DUFFY, J.P., BRATHWAITE NELSON, CHAMBERS and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court