Adzei v Edward Bldrs., Inc. (2023 NY Slip Op 05580)

Adzei v Edward Bldrs., Inc.

2023 NY Slip Op 05580

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2020-05945
 (Index No. 507758/16)

[*1]Daniel Adzei, appellant, 
v
Edward Builders, Inc., et al., respondents, et al., defendant (and a third-party action).

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
McMahon, Martine & Gallagher, Brooklyn, NY (Patrick W. Brophy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated July 20, 2020. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants Edward Builders, Inc., and ARO Holdings, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross-motion of the defendants Edward Builders, Inc., and ARO Holdings, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell down a staircase. The defendants Edward Builders, Inc., and ARO Holdings, LLC (hereinafter together the defendants), cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order dated July 20, 2020, the Supreme Court, among other things, granted that branch of their cross-motion. The plaintiff appeals.
"'Ordinarily, a defendant moving for summary judgment in a trip-and-fall case has the burden of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it. However, a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Grande v Won Hee Lee, 171 AD3d 877, 878, quoting Mitgang v PJ Venture HG, LLC, 126 AD3d 863, 863-864). "A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Vojvodic v City of New York, 148 AD3d 1086, 1087).
"[A] plaintiff's inability to testify as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence" (Grande v Won Hee Lee, 171 AD3d at 878). "'Cases grounded on circumstantial evidence require a showing of sufficient facts from which the negligence of the defendant and the causation of the accident by that negligence can be reasonably inferred'" (Simion v Franklin Ctr. for Rehabilitation & Nursing, [*2]Inc., 157 AD3d 738, 739, quoting Bettineschi v Healy Elec. Contr., Inc., 73 AD3d 1109, 1110). However, "[w]here it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Ash v City of New York, 109 AD3d 854, 855).
Here, the defendants established, prima facie, that a jury would be required to speculate that cement dust caused the plaintiff to fall. In support of their cross-motion, they submitted the plaintiff's deposition testimony that, after his fall, he noticed concrete dust on his face, hair, and uniform. The plaintiff admitted, however, that he did not notice the cement dust before his fall or see it on the landing of the stairs after his fall, and he failed to point to any additional evidence that might create a reasonable inference that the cement dust, rather than a misstep or loss of balance, was a proximate cause of his fall.
However, "[t]here can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Davidoff v First Dev. Corp., 148 AD3d 773, 775 [citation and internal quotation marks omitted]). Viewing the evidence in the light most favorable to the plaintiff as the nonmoving party, the defendants failed to establish that a handrail was present or was not required, or that its alleged absence was not a proximate cause of the plaintiff's injuries (see Boudreau-Grillo v Ramirez, 74 AD3d 1265; Antonia v Srour, 69 AD3d 666; Asaro v Montalvo, 26 AD3d 306). Even if the plaintiff fell because of a misstep, his testimony that he reached for a railing when he fell, but there was none, created triable issues of fact as to whether a handrail was present or required and as to whether the alleged absence of a handrail was a proximate cause of the plaintiff's injuries (see Lopez-Serrano v Ochoa, 149 AD3d 1063; Scala v Scala, 31 AD3d 423). Accordingly, the Supreme Court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court