Curto v Kahn Prop. Owner, LLC (2024 NY Slip Op 01290)

Curto v Kahn Prop. Owner, LLC

2024 NY Slip Op 01290

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04667
 (Index No. 600946/20)

[*1]Anthony Curto, et al., appellants, 
v
Kahn Property Owner, LLC, et al., respondents.

Sullivan Papain Block McGrath Coffinas & Cannavo P.C., Garden City, NY (Robert G. Sullivan, Stephen C. Glasser, Christopher J. DelliCarpini, and Vito A. Cannavo of counsel), for appellants.
Keith J. Conway, Melville, NY (Patricia Rech and Shannon Davis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated April 28, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiffs' motion pursuant to CPLR 3403 for a trial preference.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiffs' motion pursuant to CPLR 3403 for a trial preference is granted.
On November 17, 2019, the plaintiff Anthony Curto (hereinafter the injured plaintiff) allegedly sustained injuries when he fell while descending a grand staircase at Oheka Castle in Huntington. He was attending a wedding reception that evening and was leaving the venue when he fell. The injured plaintiff, and his wife suing derivatively, thereafter commenced this personal injury action against the defendants, entities involved with the ownership and management of Oheka Castle. After the close of discovery, the plaintiffs moved pursuant to CPLR 3403 for a trial preference. The defendants moved for summary judgment dismissing the complaint. In an order dated April 28, 2023, the Supreme Court granted the defendants' motion and denied the plaintiffs' motion as academic. The plaintiffs appeal.
"In a premises liability case, a defendant property owner or occupant who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Latorres v Delta Air Lines, Inc., 208 AD3d 770, 770). A defendant can also satisfy its prima facie burden by "demonstrat[ing] that the allegedly dangerous conditions cited by the plaintiff were not a proximate cause of the accident" (Quinones v 2074 White Plains Rd. Bldg., LLC, 180 AD3d 721, 722). Similarly, a defendant satisfies its burden by establishing "that the plaintiff cannot identify the cause of his or her accident" (Burke v Umbaca, 163 AD3d 618, 618). "A plaintiff's inability to identify the cause of his or her fall is fatal to a cause of action to recover damages for personal injuries because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries [*2]would be based on speculation" (Adzei v Edward Bldrs., Inc., 221 AD3d 639, 640 [internal quotation marks omitted]). "[W]here it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (id. at 641 [internal quotation marks omitted]). "However, even if a plaintiff's fall is precipitated by a misstep, where the plaintiff testifies that he or she reached out to try to stop his or her fall, the absence of a handrail, if required by law, may raise an issue of fact as to whether the absence of the handrail was a proximate cause of his or her injury" (Mancini v Nicoletta, 208 AD3d 657, 658 [internal quotation marks omitted]; see Jean-Charles v Carey, 217 AD3d 660, 661). In contrast, the absence of a handrail will not create an issue of fact where the plaintiff does not offer testimony demonstrating "that she [or he] reached out for a handrail either before or during her [or his] fall" or otherwise showing that "the lack of handrails contributed to [the] accident" (Plowden v Stevens Partners, LLC, 45 AD3d 659, 660).
Here, the defendants failed to meet their prima facie burden of demonstrating their entitlement to judgment as a matter of law. In support of their motion, the defendants submitted a transcript of the injured plaintiff's deposition testimony, which revealed the existence of a triable issue of fact. Although he was not sure what caused him to lose his balance, the injured plaintiff testified that he was "looking for a handrail" before descending the final set of steps but observed that no handrails were available. "Even if the [injured] plaintiff's fall was precipitated by a misstep," his testimony indicating that he would have been using a handrail at the time of his accident had one been available was sufficient to create "an issue of fact as to whether the absence of [an accessible] handrail was a proximate cause of h[is] injur[ies]" (Jean-Charles v Carey, 217 AD3d at 661 [internal quotation marks omitted]; see Scott v Lyceum Theatre Corp., 216 AD3d 479, 480; Plowden v Stevens Partners, LLC, 45 AD3d at 660). Contrary to the defendants' contention, the surveillance video of the accident did not flatly contradict the injured plaintiff's testimony (see Derouen v Savoy Park Owner, L.L.C., 109 AD3d 706, 706; cf. Schneider v Gap, Inc., 208 AD3d 606, 607; Quinones v 2074 White Plains Rd. Bldg., LLC, 180 AD3d at 722). Nor was the injured plaintiff's testimony concerning the handrails irrelevant, considering that the defendants failed to demonstrate that they satisfied their "common-law duty to maintain the staircase in a reasonably safe condition" under the circumstances presented (DeCarlo v Vacchio, 147 AD3d 724, 725; Swerdlow v WSK Props. Corp., 5 AD3d 587, 588; cf. DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 801). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since the Supreme Court improperly granted the defendants' motion for summary judgment, it should not have denied, as academic, the plaintiffs' motion pursuant to CPLR 3403 for a trial preference (cf. Reich v Alexander's, Inc., 182 AD3d 615, 617). In light of the undisputed evidence that the injured plaintiff has reached the age of 70, the plaintiffs' motion for a trial preference based on age should have been granted (see CPLR 3403[a][4]; Ratnikova v Ziotas, 134 AD3d 919, 920).
IANNACCI, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court