Tamburo v Long Is. Univ. (2024 NY Slip Op 04092)

Tamburo v Long Is. Univ.

2024 NY Slip Op 04092

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01389
 (Index No. 611006/20)

[*1]Angelo Tamburo, appellant, 
v
Long Island University, respondent.

Licatesi Law Group, LLP, Uniondale, NY (Michael Licatesi of counsel), for appellant.
Biederman Hoenig Semprevivo, P.C., New York, NY (Christine I. Laurent and Sara Thompson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Felice J. Muraca, J.), entered January 17, 2023. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he alleged he sustained when he slipped and fell on the top "landing" step of a stairway at a property owned by the defendant. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed. In an order entered January 17, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals. We reverse.
In a premises liability case, such as this one, the defendant, in moving for summary judgment, has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (see Cosme v New York City Dept. of Educ., 221 AD3d 857, 859). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (id.; see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
"Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (De La Cruz v NJE Enters., Inc., 220 AD3d 841, 841 [alterations and internal quotation marks omitted]). However, "injuries resulting from trivial defects are generally not actionable" (Sanna v Wal-Mart Stores, 271 AD2d 595, 595). "'A defendant seeking dismissal of a complaint on the basis that the alleged defect is trivial must make a prima facie showing that the defect is, under the circumstances, physically insignificant and that the characteristics of the defect or the surrounding circumstances do not increase the risks it poses. Only then does the burden shift to the plaintiff to establish an issue of fact'" (Parente v City of New York, 144 AD3d 1117, 1118, quoting Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 79). "In determining whether a defect is trivial, the court must examine all of the facts presented, including the 'width, depth, elevation, irregularity and appearance of the defect along with the time, place and circumstance of the injury'" (Karpel v National Grid Generation, LLC, 174 AD3d 695, 696, quoting Trincere v [*2]County of Suffolk, 90 NY2d 976, 978).
Here, in support of its motion, the defendant submitted, inter alia, an expert report from an engineer who had inspected the stairway where the plaintiff alleged he had fallen. The expert averred, among other things, that the slope of the step on which the plaintiff fell complied with New York State building codes in effect on the date of the alleged fall, that the step did not constitute a dangerous or defective condition, and that any defect that existed was trivial as a matter of law (see Poliziani v Culinary Inst. of Am., 167 AD3d 790, 791). However, in opposition to the defendant's prima facie showing, the plaintiff raised triable issues of fact as to whether the slope of the step at issue was trivial and whether the slope of the step constituted a dangerous or defective condition (see Rojecki v Genting N.Y., LLC, 176 AD3d 992, 993; Fiore v Plainview Plaza, LLC, 137 AD3d 1202, 1203-1204). The plaintiff submitted the report of an expert, who opined, inter alia, that the slope of the step was between six and eight times greater than that permitted by the New York State Building Code (see 2015 Bldg Code of NY St § 1011.7.1).
Contrary to the Supreme Court's determination, the plaintiff's deposition testimony concerning how the accident occurred did not flatly contradict his other statements and was not otherwise impermissibly tailored to create a feigned issue of fact (see Curto v Kahn Prop. Owner, LLC, 225 AD3d 660, 662).
Moreover, the evidence relied upon by the defendant in support of its motion failed to establish, prima facie, that the defendant did not create the alleged dangerous condition or have actual or constructive notice of its existence (see Mermelstein v Campbell Fitness NC, LLC, 201 AD3d 923, 924-925; Rojecki v Genting N.Y., LLC, 176 AD3d at 994).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court