Wechsler v Ave. L., LLC (2025 NY Slip Op 00347)

Wechsler v Ave. L., LLC

2025 NY Slip Op 00347

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-05870
 (Index No. 503419/19)

[*1]Henny Wechsler, appellant, 
v
Ave. L., LLC, et al., respondents, et al., defendant (and a third-party action).

Marcel Weisman, LLC, Brooklyn, NY (Ezra Holczer of counsel), for appellant.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins of counsel), for respondent Ave. L., LLC.
Pavlounis & Sfouggatakis, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondents Sesame Avenue M, Inc., Sesame Flatbush, Inc., and Sesame Holdings, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated April 26, 2023. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Ave. L., LLC, and the defendants Sesame Avenue M, Inc., Sesame Flatbush, Inc., and Sesame Holdings, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendant Ave. L., LLC, and the defendants Sesame Avenue M, Inc., Sesame Flatbush, Inc., and Sesame Holdings, Inc., which were for summary judgment dismissing the amended complaint insofar as asserted against each of them are denied.
The plaintiff commenced this action against the defendant Ave. L., LLC (hereinafter Avenue L), the defendants Sesame Avenue M, Inc., Sesame Flatbush, Inc., Sesame Holdings, Inc., (hereinafter collectively the Sesame defendants), and another defendant to recover damages for personal injuries she alleged she sustained in November 2018, when she slipped and fell on a ramp leading into a bakery and café operated by the Sesame defendants and located in a building owned by Avenue L. The plaintiff alleged, inter alia, that the defendants were negligent in failing to keep the ramp clear of snow and ice and that the defendants violated certain provisions of the 1968, 2008, and 2014 New York City Building Codes, which contributed to her fall. Avenue L and the Sesame defendants separately moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against each of them, arguing that they did not have a duty to clear snow and ice from the ramp under the storm-in-progress doctrine and that the New York City Building Code provisions relied upon by the plaintiff did not apply to the ramp. In an order dated April 26, 2023, the Supreme Court, inter alia, granted those branches of the separate motions of [*2]Avenue L and the Sesame defendants on the ground that the snow and ice on the ramp, rather than any alleged violations of the New York Building Code, proximately caused the accident. The plaintiff appeals.
Under the storm-in-progress doctrine, "[a] property owner will not be held liable in negligence for a plaintiff's injuries sustained as the result of an icy condition occurring during an ongoing storm or for a reasonable time thereafter" (Solazzo v New York City Tr. Auth., 6 NY3d 734, 735; see Amato v Brookhaven Professional Park L.P., 162 AD3d 620, 620).
Here, to the extent that the amended complaint was predicated on the defendants' failure to clear the allegedly dangerous condition created by snow and ice on the ramp, Avenue L and the Sesame defendants each established their prima facie entitlement to judgment as a matter of law by submitting evidence, including a transcript of the plaintiff's deposition testimony, demonstrating that a storm was in progress at the time when the plaintiff slipped and fell on the ramp (see Fitzsimons v North Shore Univ. Hosp., 205 AD3d 684, 685; Isabel v New York City Hous. Auth., 171 AD3d 714, 714). Inasmuch as the plaintiff does not dispute that it was snowing during the accident, she failed to raise a triable issue of fact in opposition.
However, "there can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause" (Adzei v Edward Bldrs., Inc., 221 AD3d 639, 641 [alterations and internal quotation marks omitted]). Although there is no disagreement that the snow and ice from the storm was a proximate cause of the plaintiff's fall, Avenue L and the Sesame defendants each failed to establish, prima facie, that the provisions of the 1968, 2008, and 2014 New York City Building Codes relied upon by the plaintiff were inapplicable and that an alleged violation of those provisions did not proximately cause the plaintiff to fall (see Adzei v Edward Bldrs., Inc., 221 AD3d at 641; Lopez-Serrano v Ochoa, 149 AD3d 1063, 1063-1064). Since Avenue L and the Sesame defendants each failed to meet their prima facie burden, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's contention that the defendants violated certain provisions of the Administrative Code of the City of New York, the New York City Charter, and the Rules of City of New York relating to sidewalk maintenance was not set forth in the amended complaint or bill of particulars and, therefore, was improperly raised for the first time in opposition to the separate motions of Avenue L and the Sesame defendants (see Fox v Patriot Saloon, 166 AD3d 950, 951; Mezger v Wyndham Homes, Inc., 81 AD3d 795, 796).
Accordingly, the Supreme Court should have denied those branches of the separate motions of Avenue L and the Sesame defendants which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.
The plaintiff's remaining contentions are either without merit or improperly raised for the first time in the plaintiff's reply brief (see Burns v Burns, 229 AD3d 675, 679).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court