FELICITA FERNANDEZ et al., Appellants, v GLORIA RAMOS et al., Respondents. [751 NYS2d 510] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated November 20, 2001, which denied their motion for summary judgment on the issue of liability and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Felicita Fernandez (hereinafter the plaintiff) alleged that she sustained personal injuries on May 28, 1997, when a dining room chair on which she was seated collapsed. At the time of the incident the plaintiff was visiting Elba Alvarez, who resided with her husband Jorge Alvarez in the downstairs section of a house owned by the defendants.

The defendants' house is not a legal two-family house, and the Alvarezes do not have a lease; however they "contribute" a monthly amount to the defendants, and their living quarters, which they refer to as their basement apartment, has a bedroom, a bathroom, and a living and dining area, as well as its own street entrance. The chair in question was among the furnishings left in the basement apartment by the defendants for the Alvarezes to use when they first moved in 11 years earlier. Mr. Alvarez affirmed that he inspected the furnishings at that time and found them to be in perfect condition, and further stated that he has maintained the furniture since then, having inspected the chair in question just two months before the accident when he last varnished it.

Where the specific cause of an accident is unknown, a plaintiff seeking to rely on the doctrine of res ipsa loquitur must establish the following three elements: (1) that the event was one that would not ordinarily occur in the absence of someone's negligence; (2) that the event was caused by an agency or instrumentality within the exclusive control of the defendant; and (3) that the accident was not caused by the contributory negligence of the plaintiff (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 494; *Dermatossian v New York City Tr. Auth.,* 67 NY2d 219). The plaintiff need not eliminate all other

possible explanations, as long as there is enough evidence from which a reasonable person could conclude that it is more likely than not that the injury was caused by the defendant's negligence (*see Kambat v St. Francis Hosp., supra*).

The only element in dispute here is exclusive control. The Supreme Court properly concluded that res ipsa loquitur does not apply because the plaintiff failed to show that the defendants had the ability to limit access to either the area of the accident or the chair that collapsed. Res ipsa loquitur is only applicable where the possibility that the event was caused by the negligence of someone other than the defendant "is so remote that it is fair to permit an inference that the defendant is the negligent party" (*Feblot v New York Times Co.,* 32 NY2d 486, 496). In the instant case, where the Alvarezes had daily use and regular maintenance of the chair and exercised control over access to it, permitting an inference of negligence against the defendants would not accord with the purpose of the doctrine (*see Nosowitz v 75-76 Polk Ave. Corp.,* 34 AD2d 648, 649, citing *Cameron v Bohack Co.,* 27 AD2d 362, 364).

Because the doctrine of res ipsa loquitur is not applicable, the plaintiff must demonstrate that the defendants had notice of the alleged defect. The defendants submitted proof that they neither created nor had notice of the alleged dangerous condition, and thus made a prima facie showing of entitlement to summary judgment as a matter of law. In response, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.