(September 27, 2004)

■ EYTAN AGMAN et al., Respondents-Appellants, v AMERICAN TRAILS WEST, Appellant-Respondent, and UNIVERSITY OF DENVER, Respondent. [781 NYS2d 902]—

In an action to recover damages for personal injuries, etc., the defendant American Trails West appeals from stated portions of two orders of the Supreme Court, Nassau County (Bucaria, J.), dated February 10, 2003, and June 11, 2003, respectively, and the plaintiffs cross-appeal, as limited by their brief, from so much of the order dated February 10, 2003, as granted that branch of the motion of the defendant University of Denver which was for summary judgment dismissing the complaint insofar as asserted against it. Application by the defendant American Trails West for leave to withdraw its appeals on the ground that the action has been discontinued against it.

Ordered that the application is granted and the appeals by American Trails West are dismissed as withdrawn; and it is further,

Ordered that the order dated February 10, 2003, is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant University of Denver is awarded one bill of costs payable by the plaintiff.

The infant plaintiff participated in a summer bus tour operated by the defendant American Trails West (hereinafter ATW). On the last night of the tour, the group stayed in a dormitory on the campus of the defendant University of Denver (hereinafter the University). In the early morning hours, some time before 6:00 A.M., the infant plaintiff allegedly was injured when he slipped and fell in a puddle of water located in one of the dormitory hallways. He and his mother, suing on his behalf and individually, subsequently commenced this action against ATW and the University.

The Supreme Court properly granted that branch of the University's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The University established its prima facie entitlement to judgment as a matter

of law by demonstrating that it did not create the alleged dangerous condition and that it did not have actual or constructive notice of the condition. In opposition, the plaintiffs failed to raise a triable issue of fact. There was no evidence that the University created the condition, had actual notice of it, or that the condition was present for a sufficient length of time to permit the University's employees to discover and remedy it (*see Martinez v New York City Health & Hosps. Corp.*, 7 AD3d 683 [2004]; *Zuppardo v State of New York*, 186 AD2d 561 [1992]). Ritter, J.P., Altman, Mastro and Skelos, JJ., concur.