■ KU SUNG LEE, Appellant, v MARIANNA LEYBMAN, Respondent. [857 NYS2d 675]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), dated February 21, 2007, which granted the defendant's oral application, in effect, for summary judgment dismissing the complaint and to dismiss the complaint pursuant to CPLR 3126 (3).

Ordered that on the Court's own motion, the plaintiff's notice of appeal is treated as an application for leave to appeal and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the defendant's oral application is denied.

The plaintiff, together with her son and daughter-in-law, resided in an apartment in a two-family house leased from the defendant owner. As the plaintiff was stepping into the bathtub in the bathroom of the apartment, on the evening of August 24, 2003, the rod supporting the shower curtain collapsed, causing her to fall and sustain injuries.

The Supreme Court should have denied that branch of the defendant's oral application which was for summary judgment dismissing the complaint based on lack of notice. The evidence presented by the defendant failed to eliminate all issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether she had actual notice of the allegedly defective condition (*see Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). The Supreme Court further erred in granting that branch of the defendant's oral application which was to dismiss the complaint pursuant to CPLR 3126 (3). The defendant did not establish that the plaintiff intentionally or negligently failed to preserve crucial evidence after being placed on notice that the evidence might be needed for future litigation (*see Lovell v United Skates of Am., Inc.*, 28 AD3d 721 [2006]). Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.