■ CATHERINE M. KYTE, Appellant, v MID-HUDSON WENDICO, INC., Doing Business as WENDY'S RESTAURANT, Respondent. [15 NYS3d 147]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Sproat, J.), dated December 19, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 13, 2012, the plaintiff allegedly sustained personal injuries when she tripped and fell inside a vestibule of a Wendy's Restaurant located in Dutchess County. She alleged that after opening the door of the restaurant, the door closed before she was able to safely pass through the doorway, causing the back of her flip-flop shoe to become wedged under the closing door. The defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion.

In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence (*see Pampalone v FBE Van Dam, LLC*, 123 AD3d 988 [2014]; *Dhu v New York City Hous. Auth.*, 119 AD3d 728 [2014]; *Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]; *Bravo v 564 Seneca Ave. Corp.*, 83 AD3d 633, 634 [2011]). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Schubert-Fanning v Stop & Shop Supermarket Co., LLC*, 118 AD3d 862 [2014]; *Rendon v Broadway Plaza Assoc. Ltd. Partnership*, 109 AD3d 975 [2013]; *Williams v SNS Realty of Long Is., Inc.*, 70 AD3d 1034, 1035 [2010]).

Contrary to the plaintiff's contention, in support of its motion, the defendant demonstrated, prima facie, that it lacked constructive notice of the alleged defective condition concerning the subject door, and that it engaged in reasonable inspection practices concerning the door prior to the subject accident (*cf. Catalano v Tanner*, 23 NY3d 976 [2014]). The plaintiff does not allege that the defendant created the alleged condition or had actual notice of the condition. In opposition, the plaintiff failed to raise a triable issue of fact as to constructive notice.

To the extent that the plaintiff alternately relied on the legal doctrine of res ipsa loquitur, her contention is without merit. In order for the doctrine of res ipsa loquitur to apply, a plaintiff must establish the following: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*see Morejon v Rais Constr. Co.*, 7 NY3d 203, 209 [2006]; *Kambat v St. Francis Hosp.*, 89 NY2d 489, 494 [1997]; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Corcoran v Banner Super Mkt.*, 19 NY2d 425, 430 [1967]; *Bunting v Haynes*, 104 AD3d 715 [2013]; *Fernandez v Ramos*, 300 AD2d 348, 348 [2002]). Here, the second prong of the doctrine of res ipsa loquitur, which required proof of the defendant's exclusive control over the door at issue, is lacking.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.