Bennett v Alleyne (2018 NY Slip Op 05272)





Bennett v Alleyne


2018 NY Slip Op 05272


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-08529
 (Index No. 3780/13)

[*1]Joan Bennett, respondent, 
v
Eric Alleyne, etc., appellant.


Sweetbaum & Sweetbaum, Lake Success, NY (Marshall D. Sweetbaum of counsel), for appellant.
Jeffrey J. Shapiro & Associates, LLC, New York, NY (Steven E. Millon of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated July 18, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 7, 2010, at approximately 8:00 p.m., the plaintiff allegedly sustained personal injuries when she fell down an interior stairway in a two-family house that was owned by Sheila Robinson and in which the plaintiff had rented the upstairs apartment for more than 20 years. The plaintiff commenced this action against Robinson to recover damages for personal injuries, alleging that Robinson was negligent in, among other things, failing to provide adequate lighting in the subject stairway. During the pendency of the action, Robinson died, and Eric Alleyne, as executor of her estate, was substituted as the defendant. The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453). "In a premises liability case, a defendant [real] property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice [*2]of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d at 453; see Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838)
Here, contrary to the defendant's contention, he failed to demonstrate, prima facie, inter alia, that Robinson lacked constructive notice of the alleged defective conditions, including a loose top step, a loose screw on the landing of the subject staircase, and inadequate lighting in the staircase, or that these conditions were not a proximate cause of the plaintiff's fall (see Eksarko v Associated Supermarket, 155 AD3d 826, 827; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781, 781; Gestetner v Teitelbaum, 52 AD3d 778; Swerdlow v WSK Props. Corp., 5 AD3d 587). Since the defendant failed to meet his prima facie burden, it is unnecessary to consider the adequacy of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court