Caban v Kem Realty, LLC (2019 NY Slip Op 04129)





Caban v Kem Realty, LLC


2019 NY Slip Op 04129


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-06609
 (Index No. 3508/14)

[*1]Gilberto Caban, Jr., appellant, 
v
Kem Realty, LLC, respondent.


Avanzino & Moreno, P.C., Brooklyn, NY (Jhosandys Sears of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Robert Macchia and Lyndsey C. Bechtel of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 23, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when a window in an apartment he shared with his parents and sister abruptly closed on his left hand. The plaintiff commenced this action against the defendant, the owner of the apartment, to recover damages for personal injuries. The plaintiff alleged, inter alia, that the defendant negligently maintained the subject window. After joinder of issue, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233, 241; Bennett v Alleyne, 163 AD3d 754, 754-755; Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453). "In a premises liability case, a defendant [real] property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d at 453; see Bennett v Alleyne, 163 AD3d at 754-755; Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989).
Under the particular circumstances of this case, while the defendant demonstrated, prima facie, that it did not create the alleged dangerous condition, it failed to eliminate all triable issues of fact as to whether it had actual notice of that alleged condition (see Ku Sung Lee v Leybman, 51 AD3d 639). The plaintiff testified at his deposition, a transcript of which was submitted in support of the defendant's motion, that prior to the subject accident he and his father had complained to the defendant regarding the subject window closing improperly. Since the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law, the [*2]Supreme Court should have denied its motion for summary judgment without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court