Pilgrim v Avenue D Realty Co. (2019 NY Slip Op 04432)





Pilgrim v Avenue D Realty Co.


2019 NY Slip Op 04432


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-11214
 (Index No. 511392/16)

[*1]Brijida B. Pilgrim, respondent,
v
Avenue D Realty Company, et al., appellants.


Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Melissa A. Danowski], of counsel), for appellants.
Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 10, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
On October 17, 2015, the plaintiff allegedly slipped and fell while she was descending an interior staircase in the apartment building where she lived. The plaintiff alleged that she slipped on wax residue. At the time of the accident, the defendants owned and maintained the subject premises. The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants were negligent in, among other things, maintaining the premises. After joinder of issue, the defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendants appeal.
A property owner, or a party in possession or control of real property, has a duty to maintain the property in a reasonably safe condition (see Kellman v 45 Tiemann Assoc., 87 NY2d 871, 872; Basso v Miller, 40 NY2d 233; Kyte v Mid-Hudson Wendico, 131 AD3d 452; Bender v Cemetery of the Holy Rood, 129 AD3d 754, 755). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Steed v MVA Enters., LLC, 136 AD3d 793, 794 [internal quotation marks omitted]). Thus, in a premises liability case, a defendant real property owner or a party in possession or control of real property who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Kyte v Mid-Hudson Wendico, 131 AD3d at 452; Pampalone v FBE Van Dam, LLC, 123 AD3d 988).
Here, the evidence submitted in support of the defendants' motion, when reviewed in the light most favorable to the plaintiff, as the nonmovant (see Boulos v Lerner-Harrington, 124 [*2]AD3d 709, 709), established that the defendants did not create or have actual notice of the alleged condition (see Hanney v White Plains Galleria, LP, 157 AD3d 660, 661; Andersen v El Triunfo Laundromat Corp., 151 AD3d 921, 922; Koziar v Grand Palace Rest., 125 AD3d 607, 608). The evidence submitted by the defendants also demonstrated that they did not have constructive notice of the alleged condition (see Vasquez v Nealco Towers LLC, 160 AD3d 496; see also Agman v American Trails W., 10 AD3d 698). In opposition, the plaintiff failed to raise a triable issue of fact as to either creation or notice (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court