Malloy v Montefiore Med. Ctr. (2020 NY Slip Op 02921)





Malloy v Montefiore Med. Ctr.


2020 NY Slip Op 02921


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-13819
 (Index No. 50430/17)

[*1]Peggy Malloy, appellant, 
v
Montefiore Medical Center, et al., respondents.


Krentsel & Guzman, LLP, New York, NY (Steven E. Krentsel, Julie T. Mark, and Marcia Raicus of counsel), for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Daryl Paxson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated October 31, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Montefiore Mount Vernon Hospital.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Montefiore Mount Vernon Hospital is denied.
The plaintiff commenced this action against the defendant Montefiore Mount Vernon Hospital (hereinafter Mount Vernon Hospital) to recover damages for personal injuries she alleges she incurred when she tripped and fell on a broken curb near that defendant's emergency department entrance in Mount Vernon. The plaintiff also named as a defendant another hospital, Montefiore Medical Center (hereinafter Montefiore), which is located in the Bronx. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, determining, inter alia, that (1) Montefiore is a separate entity from Mount Vernon Hospital and is unconnected to the alleged accident, and (2) the defendants showed that Mount Vernon Hospital lacked constructive notice of the alleged dangerous condition. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment
dismissing the complaint insofar as asserted against Mount Vernon Hospital.
Contrary to the determination of the Supreme Court, the defendants failed to show, prima facie, that Mount Vernon Hospital did not have constructive notice of the alleged dangerous condition (see Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 938). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time prior to the accident to afford the defendant a reasonable opportunity to discover and remedy it (see id.). To meet its burden on the issue of constructive notice, a defendant is required to offer evidence as to when the accident site was last inspected relative to the time when the plaintiff fell (see Radosta v Schechter, 171 AD3d 1112, 1113; Quinones v Starret City, Inc., 163 AD3d 1020, 1021).
Here, the defendants failed to meet this burden. In support of their motion, among other things, they proffered the affidavit of the director of engineering of Mount Vernon Hospital [*2]who averred that there were no maintenance or complaint records for approximately three years preceding the accident, that he would inspect the premises approximately once a month, and that "the sidewalk and curbing is repaired and replaced on an as needed basis." The defendants did not proffer any evidence demonstrating when the area at issue was last inspected prior to the plaintiff's alleged accident (see Nsengiyumva v Amalgamated Warbasse Houses, Inc., 180 AD3d 799, 800; Rodriquez v New York City Hous. Auth., 169 AD3d 947, 948; Quinones v Starret City, Inc., 163 AD3d at 1022). Moreover, the defendants failed to make a prima facie showing that the alleged defect that caused the plaintiff to fall was not visible and apparent, and would not have been noticed upon a reasonable inspection of the area where the plaintiff alleged she tripped and fell (see Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1506; Yioves v T.J. Maxx, Inc., 29 AD3d 572, 573).
Since the defendants did not sustain their prima facie burden of establishing their entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Mount Vernon Hospital irrespective of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are without merit.
Accordingly, we reverse the order insofar as appealed from.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court