Rosenman v Siwiec (2021 NY Slip Op 04248)





Rosenman v Siwiec


2021 NY Slip Op 04248


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2019-14247 
2019-14250
 (Index No. 711773/17)

[*1]Helen Rosenman, appellant,
v
Jolanta Siwiec, et al., respondents.


Grey & Grey, LLP, Farmingdale, NY (Evelyn F. Gross of counsel), for appellant.
James F. Butler, Jericho, NY (Marcella Gerbasi Crewe of counsel), for respondents Jolanta Siwiec and Pawel Sakowicz.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Elina Druker and Claibourne Henry of counsel), for respondent City of New York.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated November 15, 2019, and (2) an order of the same court dated November 21, 2019. The order dated November 15, 2019, insofar as appealed from, granted that branch of the cross motion of the defendants Jolanta Siwiec and Pawel Sakowicz which was for summary judgment dismissing the complaint insofar as asserted against them. The order dated November 21, 2019, denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order dated November 15, 2019, is reversed insofar as appealed from, on the law, and that branch of the cross motion of the defendants Jolanta Siwiec and Pawel Sakowicz which was for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the order dated November 21, 2019, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants Jolanta Siwiec and Pawel Sakowicz, and one bill of costs is awarded to the defendant City of New York payable by the plaintiff.
On January 1, 2017, at approximately 7:15 p.m., the plaintiff allegedly tripped and fell over a black decorative fence which partially enclosed a grassy area located between the curbline and the public sidewalk abutting a home owned by the defendants Jolanta Siwiec and Pawel Sakowicz (hereinafter together the homeowner defendants). The homeowner defendants had installed the decorative fence several years prior to the subject accident. The plaintiff commenced the instant action against the defendant City of New York and the homeowner defendants, alleging, among other things, that the defendants were negligent in maintaining the area where the accident occurred and created a dangerous condition. Thereafter, the plaintiff moved for summary judgment [*2]on the issue of liability. The homeowner defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, arguing that the decorative fence was open and obvious. In an order dated November 15, 2019, the Supreme Court, among other things, granted that branch of the homeowner defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 21, 2019, the court denied the plaintiff's motion for summary judgment on the issue of liability. The plaintiff appeals.
While a possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), "there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (Robbins v 237 Ave. X, LLC, 177 AD3d 799, 799). "A condition is open and obvious if it is 'readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident'" (id., quoting Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [alterations and internal quotation marks omitted]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shermazanova v AmeriHealth Med., P.C., 173 AD3d 796, 797 [internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, the homeowner defendants failed to establish, prima facie, that the decorative fence was open and obvious and not inherently dangerous given the circumstances at the time of the accident, including the lighting conditions and color of the fence (see Simon v Comsewogue Sch. Dist., 143 AD3d 695, 696; Lazic v Trump Vil. Section 3. Inc., 134 AD3d at 776; Baron v 305-323 E. Shore Rd. Corp., 121 AD3d 826, 827-828). Since the homeowner defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the plaintiff failed to establish, prima facie, that the homeowner defendants created a dangerous condition by installing the decorative fence, or that either the homeowner defendants or the City failed to maintain the premises where the subject accident occurred in a reasonably safe condition (see Beceren v Joan Realty, LLC, 124 AD3d 572, 573). Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
LASALLE, P.J., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court