Ferrer v 120 Union Ave., LLC (2022 NY Slip Op 03096)

Ferrer v 120 Union Ave., LLC

2022 NY Slip Op 03096

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2020-03172
 (Index No. 517943/16)

[*1]Ines Ferrer, appellant, 
v
120 Union Avenue, LLC, et al., respondents.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Greg Freedman], of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Dawn C. Wheeler and Patrick W. Brophy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated February 10, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a cinder block on a walkway abutting the defendants' construction site. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of the condition and that the cinder block in the walkway was open and obvious and not inherently dangerous. The Supreme Court granted the defendants' motion. The plaintiff appeals.
A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time prior to the accident to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838). To meet its burden on the issue of constructive notice, a defendant is required to offer evidence as to when the accident site was last inspected relative to the time when the plaintiff fell (see Butts v SJF, LLC, 171 AD3d 688, 689; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). Here, the defendants failed to demonstrate when they last inspected the walkway prior to the incident and they failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition (see Croshier v New Horizons Resources, Inc., 185 AD3d 780, 781-782; Johnson v 101-105 S. Eighth St. Apts. Hous. Dev. Fund Corp., 185 AD3d 671, 672; Malloy v Montefiore Med. Ctr., 183 AD3d 811, 812; Baviello v Patterson Auto Convenience Store, Inc., 170 AD3d 933, 934). The defendants also failed to establish, prima facie, that the cinder block was open and obvious and not inherently dangerous (see Russo v Home Goods, Inc., 119 AD3d 924; Gradwohl v Stop & Shop Supermarket Co., LLC, 70 AD3d 634).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contention.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court