Tuck v Surrey Carlton Hous. Dev. Fund Corp. (2022 NY Slip Op 05347)

Tuck v Surrey Carlton Hous. Dev. Fund Corp.

2022 NY Slip Op 05347

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2020-04202
 (Index No. 35747/18)

[*1]Margaret Tuck, appellant, 
v
Surrey Carlton Housing Development Fund Corp., respondent.

Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Molod Spitz & DeSantis, P.C., New York, NY (Robert A. Von Hagen of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 23, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she alleged she sustained when the upper sash fell from a window in the stairwell of her apartment building (hereinafter the property) and struck her. The property was owned and maintained by the defendant.
The defendant moved for summary judgment dismissing the complaint. In an order dated April 23, 2020, the Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court properly determined that the defendant established, prima facie, that it maintained the property in a reasonably safe condition and that it did not create a dangerous or defective condition on the property or have either actual or constructive notice of a dangerous or defective condition for a sufficient length of time to remedy it (see Reed v 64 JWB, LLC., 171 AD3d 1228, 1229; Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453). On appeal, the plaintiff's sole contention is that the defendant failed to establish that it lacked constructive notice of the defective window.
"[A] defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident that it could have been discovered and corrected" (Reed v 64 JWB, LLC, 171 AD3d at 1229 [internal quotation marks omitted]). To meet its initial burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's accident (see id.; Ameneiros v Seaside Co., LLC, 81 AD3d 760, 761).
Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the deposition testimony of its property manager, who testified that the window had been inspected only a few days prior to the plaintiff's accident and that the window was opening and closing without incident (see Kyte v Mid-Hudson Wendico, 131 AD3d at 453; Williams v SNS Realty of Long Is., Inc., 70 AD3d 1034, 1035). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court