Cosme v New York City Dept. of Educ. (2023 NY Slip Op 06026)

Cosme v New York City Dept. of Educ.

2023 NY Slip Op 06026

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-03419
 (Index No. 504826/16)

[*1]Christine Cosme, appellant, 
v
New York City Department of Education, respondent.

Talisman & DeLorenz, P.C. (Shayne, Dachs, New York, NY [Jonathan A. Dachs], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack, Jeremy Pepper, and Chase Mechanick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated April 11, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly sustained personal injuries at the defendant's premises and commenced this action against the defendant. According to the plaintiff, she was sitting behind a desk and when she got up, she tripped on the bottom desk drawer which, unbeknownst to her, had become ajar. The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the condition at issue was open and obvious and not inherently dangerous and that the defendant did not have notice of the condition. The Supreme Court granted the motion on both grounds. The plaintiff appeals.
While an owner or possessor of real property has a duty to maintain that property in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241), there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Morrissette v Kismat Indian Rest., Inc., 196 AD3d 476, 477; Cupo v Karfunkel, 1 AD3d 48, 52). A condition is open and obvious if it is "readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (Lazic v Trump Vil. Section 3, Inc., 134 AD3d 776, 777). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Brett v AJ 1086 Assoc., LLC, 189 AD3d 1153, 1154 [alterations and internal quotation marks omitted]; see Rosenman v Siwiec, 196 AD3d 523, 525). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shermazanova v AmeriHealth Med., P.C., 173 AD3d 796, 797 [internal quotation marks omitted]).
"In a premises liability case, a defendant property owner, or a party in possession or control of real property, who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive [*2]notice of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453; see Caban v Kem Realty, LLC, 172 AD3d 1302, 1303). A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). To meet its initial burden on the issue of lack of constructive notice, a defendant is required to offer evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's accident (see Tuck v Surrey Carlton Hous. Dev. Fund Corp., 208 AD3d 1383, 1384).
Here, the defendant failed to establish, prima facie, that the condition of the desk drawer that caused the plaintiff to fall was open and obvious and not inherently dangerous (see Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811; Robbins v 237 Ave. X, LLC, 177 AD3d 799, 800; Brett v AJ 1086 Assoc., LLC, 189 AD3d at 1154-1155).
In addition, the defendant failed to establish, prima facie, that it did not have actual or constructive notice of a defective condition that caused the plaintiff to fall (see Marazita v City of New York, 202 AD3d 951, 954; Mercedes v City of New York, 107 AD3d 767, 769). The deposition testimony of the school's temporary custodial engineer generally stated his general inspection practices and that he did not have recollection of any problems with any of the desks in the school in February. He further testified that he had only been working at the school for a few days prior to the accident (see Mercedes v City of New York, 107 AD3d 767). Triable issues of fact exist as to whether the defendant had actual or constructive notice of the hazardous condition and whether the alleged hazardous condition existed for a sufficient amount of time for the defendant to discover and remedy it (see Marazita v City of New York, 202 AD3d 951).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court