S.S. v Village of Sleepy Hollow (2024 NY Slip Op 03445)

S.S. v Village of Sleepy Hollow

2024 NY Slip Op 03445

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-04487
 (Index No. 60275/20)

[*1]S.S., etc., et al., respondents,
v
Village of Sleepy Hollow, defendant, Village of Tarrytown, appellant.

Gerber Ciano Kelly Brady, LLP, Garden City, NY (Brendan T. Fitzpatrick and Brian W. McElhenny of counsel), for appellant.
Peña & Kahn, PLLC, Bronx, NY (Jeffrey J. Schietzelt of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Village of Tarrytown appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated May 16, 2022. The order denied that defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The infant plaintiff, by her father, and her father suing individually (hereinafter together the plaintiffs), commenced this action against the defendant Village of Tarrytown (hereinafter the defendant), among others, inter alia, to recover damages for personal injuries the infant plaintiff allegedly sustained when, while in a park owned by the defendant, the infant plaintiff fell off of a retaining wall near a fence, and her hand came into contact with one of several "spikes" located at the base of the fence. Following discovery, the defendant moved for summary judgment dismissing the complaint on the grounds that the condition was not dangerous, that the defendant lacked actual or constructive notice of the alleged defective condition, and, in any event, the condition was open and obvious and not inherently dangerous. In an order dated May 16, 2020, the Supreme Court denied the motion. The defendant appeals.
"A party in possession or control of real property has a duty to maintain the property in a reasonably safe condition" (Pena v Pep Boys-Manny, Moe & Jack of Del., Inc., 216 AD3d 809,
809). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Doughim v M & US Prop., Inc., 120 AD3d 466, 467 [internal quotation marks omitted]). Here, contrary to the defendant's contentions, the defendant failed to establish, prima facie, that the spikes located at the base of the fence did not constitute a dangerous or defective condition (see McElhiney v Half Hollow Hills Cent. Sch. Dist., 158 AD3d 615, 615; Doughim v M & US Prop., Inc., 120 AD3d at 468).
Moreover, "[i]n a premises liability case, a defendant property owner . . . who moves for summary judgment has the initial burden of making a prima facie showing that it neither created the alleged defective condition nor had actual or constructive notice of its existence" (Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453; see Cosme v New York City Dept. of Educ., 221 AD3d 857, 859). Here, the defendant failed to submit evidence sufficient to establish, prima facie, that it did not have actual or constructive notice of the alleged condition (see Ferrer v 120 Union Ave., [*2]LLC, 205 AD3d 772, 773). The defendant did not submit sufficient evidence establishing when the area at issue was last inspected prior to the accident (see Tuck v Surrey Carlton Hous. Dev. Fund Corp., 208 AD3d 1383, 1384), and triable issues of fact exist as to whether the alleged condition was visible and apparent and whether it had existed for a sufficient length of time before the accident such that it could have been discovered and corrected by the defendant (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Hegeman v City of Newburgh, 208 AD3d 461, 462).
Although there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous (see Morrissette v Kismat Indian Rest., Inc., 196 AD3d 476, 477; Cupo v Karfunkel, 1 AD3d 48, 52), "[t]he determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (Rosenman v Siwiec, 196 AD3d 523, 525 [alterations and internal quotation marks omitted]). "A condition is open and obvious if it is readily observable by those employing the reasonable use of their senses, given the conditions at the time of the accident" (id. at 524-525 [internal quotation marks omitted]). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Shermazanova v Amerihealth Med., P.C., 173 AD3d 796, 797 [internal quotation marks omitted]). Here, the defendant failed to establish, prima facie, that the alleged condition that caused the infant plaintiff to be injured was open and obvious and not inherently dangerous (see Holmes v Macy's Retail Holdings, Inc., 184 AD3d 811; Manicone v City of New York, 75 AD3d 535, 537).
Since the defendant failed to meet its prima facie burden, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court