## Zakowski v Structure Tone, LLC

2025 NY Slip Op 31293(U)

April 15, 2025

Supreme Court, Kings County

Docket Number: Index No. 500092/2021

Judge: Anne J. Swern

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 15th day of April 2025

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

EUGENE ZAKOWSKI,

**DECISION & ORDER**

Plaintiff(s),

Index No.: 500092/2021

-against-

Calendar No.: 49

STRUCTURE TONE, LLC, INTEGRATED HOLDING
GROUP LP, BOSTON PROPERTIES, INC.,
CONSOLIDATED CARPET ASSOCIATES, LLC,
CONSOLIDATED CARPET WORKROOM, LLC, and
CONSOLIDATED SPECIALTY, LLC,

Motion Seq.: 003

Return Date: 2/13/2025

Defendant(s).

STRUCTURE TONE, LLC,

Third-Party Plaintiff,

-against-

ATLAS-ACON ELECTRIC SERVICE CORPORATION,

Third-Party Defendant.

*Recitation of the following papers as required by CPLR 2219(a):*

**Papers
Numbered**

Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 95-121) ..................................................... 1, 2

Affirmations, Memorandums of Law
and Exhibits in Opposition (NYSCEF 123-132) ............................................. 3-8

Reply Affirmations (NYSCEF 137, 139, 141, 143) .......................................... 9-12

*Upon the foregoing papers and after oral argument, the decision and order of the Court*

*is as follows:*

[* 1]

Defendants, INTEGRATED HOLDING GROUP LP (Integrated), and BP 399 PARK AVE LLC i/s/h/a BOSTON PROPERTIES, INC. (BP 399) and defendant/third-party plaintiff, STRUCTURE TONE, LLC (Structure Tone), have moved this Court for an Order pursuant to CPLR § 3212:

a) granting summary judgment on the First Cause of Action in Plaintiff's Complaint sounding in common law negligence and dismissing said First Cause of Action. The motion is granted as to the INTEGRATED (tenant) and 399 BP (owner) and denied as to STRUCTURE TONE (general contractor).

b) granting summary judgment on the Second Cause of Action in Plaintiff's Complaint for violation of Labor Law §§ 200 and dismissing said Second Cause of Action. The motion is granted as to the INTEGRATED (tenant) and 399 BP (owner) and STRUCTURE TONE (general contractor).

c) granting summary judgment on the Second Cause of Action in Plaintiff's Complaint for violation of Labor Law §§ 241 [6] and dismissing said Second Cause of Action. The motion is granted as to the INTEGRATED (tenant) and denied as to 399 BP (owner) and STRUCTURE TONE (general contractor).

d) conditionally granting summary judgment to defendant/third-party plaintiff STRUCTURE TONE against third-party defendant ATLAS-ACON ELECTRIC SERVICE CORPORATION (ATLAS) for common law contribution and indemnification, and contractual indemnification. The motion is denied.

e) conditionally granting summary judgment to defendants INTEGRATED, 399 BP AND STRUCTURE TONE on their cross claims against defendant CONSOLIDATED CARPET WORKROOM, LLC (Consolidated) for contractual indemnification and common law contribution and indemnification. The motion is denied.

Plaintiff commenced this action for personal injuries sustained in the course of his employment with Atlas alleging common law negligence and violations of Labor §200, § 240 and § 241 [6].[1] Plaintiff alleges that the accident occurred on the 8th floor of the premises known as 399 Park Avenue, New York, New York, owned by BP 399 and leased to defendant Integrated. Structure Tone, as the general contractor, executed a subcontract with Atlas for electrical work

---

[1] Plaintiff previously discontinued his cause of action based on Labor Law § 240.

[*2]

(NYSCEF 111). The accident happened when plaintiff slipped and fell on carpet glue that was placed on the floor of a pathway by another subcontractor.

None of the parties have advanced an argument in opposition to granting Integrated's summary judgment. Therefore, absent any evidence of common law negligence on the behalf of the tenant, Integrated, and since Integrated is neither an owner nor general contractor under the Labor Law, plaintiff's complaint and all cross-claims, are dismissed in their entirety against it.

## Labor Law § 241 (6)

"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. A violation of an explicit and concrete provision of the Industrial Code by a participant in a construction project constitutes some evidence of negligence, for which the owner or general contractor may be held vicariously liable" (*Bravo v 609 W. 56th Street Property, LLC,* 234 AD3d 735 [2d Dept. 2025] [internal quotations and citations omitted]).

This section of the Labor Law is a "hybrid statute" because the first sentence reiterates the general common-law standard of care, while the second sentence imposes a nondelegable duty with respect to compliance with rules of the Commissioner [Industrial Code] which contain specific, positive command[s]" (*Bazdaric v Almah Partners LLC,* 41 NY3d 310, 317 [2024], citing *Ross v Curtis–Palmer Hydro–Elec. Co.,* 81 NY2d 494, 503-504, [1993]; *see also Toussaint v Port Auth. of N.Y. & NJ,* 38 NY3d 89, 93 [2022]). Thus, an owner or general contractor is vicariously liable without regard to fault and in the absence of control or supervision of the worksite once plaintiff establishes a violation of a specific and applicable Industrial Code (*Bazdaric v Almah Partners LLC,* 41 NY3d 317, citing *Rizzuto v L.A. Wenger Contr. Co., Inc.,* 91 NY2d 343, 348–350; *Toussaint v Port Auth. of N.Y. & NJ,* 38 NY3d 94; and *Nostrom v A.W.*

[*3]

*Chesterton Co.*, 15 NY3d 502, 507 [2010]). Finally, "[t]he Industrial Code should be sensibly interpreted and applied to effectuate its purpose of protecting construction laborers against hazards in the workplace" (*Bazdaric v Almah Partners LLC*, 41 NY3d 317).

To avoid summary judgment, plaintiff is required to demonstrate that "(1) section 23-1.7 [d] [sic] applied under the circumstances; (2) defendants violated that section's specific commands; (3) this violation alone, *or considered with other undisputed factual evidence, constitutes negligence*; and (4) the violation caused plaintiff's injuries (*see Bazdaric v Almah Partners LLC*, 41 NY3d 318 [italics added; internal quotations omitted]). The motion is denied as the adhesive was not an integral part of *plaintiff's* work and when considering the violation with other undisputed facts, there is a question of fact whether movants violated 22 NYCRR § 23-1.7 [d] and caused plaintiff's injuries (*Bazdaric v Almah Partners LLC*, 41 NY3d 317-318). The evidence establishes that Structure Tone, as the general contractor, had the authority to control access over to the area where the glue was utilized for the carpet installation during the ongoing construction activities. Therefore, the movants' reliance on *Stafford v Viacom*, 32 AD3d 388 [2d Dept 2006]) is misplaced and without merit.

**Summary Judgment**

When deciding a summary judgment motion, the Court's only role is to identify the existence of triable issues, and not to determine the merits of any such issues (*Vega v Restani Construction Corp.*, 18 NY3d 499, 505 [2012]) or the credibility of the movant's version of events (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 167, 175 [2019] [internal citations omitted]). The Court must view the evidence in the light most favorable to the nonmoving party, affording them the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Shop & Stop, Inc.*, 65 NY2d 625, 626 [1985]). The motion should be denied where the

[* 4]

facts are in dispute, where different inferences may be drawn from the evidence, or where the credibility of the witnesses is in question (*see Cameron v City of Long Beach*, 297 AD2d 773, 774 [2d Dept. 2002]).

**Labor Law § 200 and Common Law Negligence**

Labor Law § 200 only applies to owners, general contractors, or their agents because it is a codification of their common-law duty to maintain a safe workplace (*Delaluz v Walsh*, 228 AD3d 619, 621 [2d Dept. 2024]). "An implicit precondition to [the] duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" *(id.* [internal citations and quotations omitted]; *Guclu v 900 Eighth Avenue Condominium, LLC*, 81 AD3d 593).

An owner and general contractor may also be held liable "[W]here a plaintiff's injuries stem not from the manner in which the work was being performed, but, rather, from a dangerous condition on the premises, [an owner and/or general contractor] may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (*Banscher v Actus Lend Lease, LLC*, 132 AD3d 707, 709 [2d Dept. 2015]). Notice is required because Labor Law § 200 is an outgrowth of the basic common-law principle that they should not be held [vicariously] responsible for the negligent acts of others over whom they had no direction or control (*Marte v Tishman Construction Corporation*, 223 AD3d 527, 527 [1st Dept. 2024]; and *see Ross v Curtis-Palmer Hydro-Electro Co.*, 81 NY2d 494, 505-506 [1993] and Labor Law § 200).

The evidence fails to establish that the out-of-possession landowner BP 399 had actual or constructive notice of the adhesive on the floor while the workers from the various trades were

passing through the area. Additionally, plaintiff has only opposed the motion as to the general contractor, Structure Tone. Therefore, summary judgment is granted to BP 399 (*Marte v Tishman Construction Corporation*, 223 AD3d 527; and *see Ross v Curtis-Palmer Hydro-Electro Co.*, 81 NY2d 505-506).

However, the motion is denied as to Structure Tone since a question of fact exists whether it was negligent in controlling and coordinating of the work of all trades, restricting access to the area where the adhesive was being placed on the floor and ensuring that safety zones were in place when the carpet was being installed (*Gasques v State of New York*, 59 AD3d 666, 667 [2d Dept 2009]). The fact that it is alleged that the accident happened within two to three minutes of the adhesive being placed on the floor is not controlling. It is Structure Tone's alleged negligent failure to control access to the area before the adhesive was placed on the floor. Therefore, the question to be answered by the jury is whether Structure Tone had sufficient notice that it had not ensured that access was restricted to the area and/or established safety zones during the carpet installation. To the extent that Structure Tone argues that Consolidated Carpet failed to warn plaintiff of the adhesive, the testimony is conflicting as to who bore this duty also warranting a denial of the motion (see *Xiang Fu He v Troon Management, Inc.*, 34 NY3d 175 and *Cameron v City of Long Beach*, 297 AD2d 774).

**Indemnification and Contribution**

Common law indemnification is generally available to indemnitee "who is held responsible solely by operation of law because of [its] relation to the actual wrongdoer" (*McCarthy v Turner Construction, Inc.*, 17 NY3d 369, 376 [2011]). Therefore, the indemnitee cannot obtain common-law indemnification "unless it has been held vicariously liable without

proof of any negligence or actual supervision on its own part" (*McCarthy v Turner Construction, Inc.*, 17 NY3d 378).

To impose liability for contractual indemnification against an indemnitor, they must *actually* exercise supervision and control over the work; contractual authority standing alone is insufficient (*id.*; and *Chapa v. Bayles Props., Inc.*, 221 AD3d 855, 857 [2d Dept. 2023]). An indemnitee's right to contractual indemnification also "depends upon the specific language of the contract" (*Chapa v. Bayles Props., Inc.*, 221 AD3d 857). The contractual language must not violate General Obligations Law § 5-322.1, which "permits a partially negligent general contractor to seek contractual indemnification from its subcontractor so long as the indemnification provision does not purport to indemnify the general contractor for its own negligence" (*Feliz v Citnalta Constr. Corp.*, 217 AD3d 750, 752 [2d Dept 2023] [internal citations omitted]; *Caracciolo v SHS Ralph, LLC*, 226 AD3d 861, 864 [2d Dept 2024]; *Brooks v. Judlau Constr. Inc.*, 11 NY3d 204, 207 [2008]).

The respective subcontracts between movants and the subcontractors Consolidated Carpet and Atlas contain a "negligence trigger" as a condition precedent to movants' right to indemnification (NYSCEF 110, p.10, ¶11.2 and NYSCEF 111, p.12, ¶11.2). Consolidated Carpet and Atlas agreed to indemnity and hold harmless the movants "from and against any and all claims...in whole or in part and in any manner from *the acts, omissions, breach or default* of the Subcontractor [Consolidate Carpet]" (*id.*). Therefore, as a question of fact exists whether Structure Tone, Consolidated Carpet or Atlas had the duty to safeguard the area, a conditional order of either contractual or common law indemnification and contribution on behalf of movants is inappropriate at this time (*Agurto v One Boerum Dev. Partners, LLC*, 221 AD3d 442, 444 [1st Dept 2023]). The parties' conflicting testimony does not establish as a matter of law that

either subcontractor was negligent (see *Xiang Fu He v Troon Management, Inc.,* 34 NY3d 175 and *Cameron v City of Long Beach,* 297 AD2d 774).

The Court has considered the parties remaining arguments and finds same to be without merit.

Accordingly it is hereby

ORDERED that defendants INTEGRATED HOLDING GROUP LP and BP 399 PARK AVE LLC i/s/h/a BOSTON PROPERTIES, INC.'s motion for summary judgment dismissing plaintiff's common law negligence and Labor Law § 200 causes of action against it is granted, and it is further

ORDERED that defendant INTEGRATED HOLDING GROUP LP's motion for summary judgment dismissing plaintiff's Labor Law § 241 [6] cause of action against it is granted and INTEGRATED HOLDING GROUP LP is dismissed from this action, and is further,

ORDERED that defendant/third-party plaintiff STRUCTURE TONE's motion for summary judgment dismissing plaintiff's common law negligence and Labor Law § 200 causes of action against it is denied, and it is further

ORDERED that defendant BP 399 PARK AVE LLC i/s/h/a BOSTON PROPERTIES, INC. and defendant/third-party plaintiff STRUCTURE TONE's motion for summary judgment dismissing plaintiff's Labor Law § 241 [6] claim against them is denied, and it is further

ORDERED that defendants INTEGRATED HOLDING GROUP LP and BP 399 PARK AVE LLC i/s/h/a BOSTON PROPERTIES, INC. and defendant/third-party plaintiff STRUCTURE TONE's motion for a conditional order of contractual and common law indemnification and contribution against defendants CONSOLIDATED CARPET ASSOCIATES, LLC, CONSOLIDATED CARPET WORKROOM, LLC, CONSOLIDATED

SPECIALTY, LLC, and third-party defendant ATLAS-ACON ELECTRIC SERVICE

CORPORATION is denied.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Anne J. Swern, J.S.C.
Dated: 4/15/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____